IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CSL PLASMA INC., *et al.*,  )<br>  )<br>   Plaintiffs,  )<br>  )<br>   v.  )<br>  )<br>UNITED STATES CUSTOMS AND  )<br>BORDER PROTECTION, *et al.*,  )<br>  )<br>   Defendants.  )<br>  ) | Civil Action No. 21-cv-2360-TSC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE REGARDING THE D.C. CIRCUIT'S MANDATE**

  The D.C. Circuit's decision in this case holds that the Plaintiff "plasma companies are within the [underlying] statute's zone of interests and therefore [] have a cause of action to" bring their current challenge to U.S. Customs and Border Protection's Guidance Memorandum under the APA. *CSL Plasma Inc. v. U.S. Customs & Border Prot.*, 33 F.4th 584, 589 (D.C. Cir. 2022). Contrary to Plaintiffs' assertion, however, that holding does not vindicate Plaintiffs' claims on the merits. *See* Pl. Notice, ECF 39 at 2.

  As the D.C. Circuit explained, the Immigration and Nationality Act's B-1 visa classification contains "no international nexus requirement" when it comes to identifying permissible "business" activity. *CSL Plasma*, 33 F.4th at 592. However, the Court observed, "[t]he distinction between local and international activity" is relevant insofar as it is used to "distinguish business activity" from "local employment" or "labor," which the B-1 visa classification does not permit. *See Id.* at 592-93. In other words, "the fundamental distinction is between business and labor, and the international nexus matters [] for understanding the B-1 restriction on 'labor.'" *Id.* at 593. Under this

framework, labor that does not have an international component is, by definition, "purely local" and therefore prohibited under the B-1 visa classification.

Here, for all the reasons Defendants articulated in their prior briefs, the sale of plasma by Mexican nationals is a purely domestic activity. *See* Defs' Resp. Br., ECF 9 at 18-19. Among other things, the collection of plasma does not involve any international transfer of goods, because the plasma is not a good until it is extracted; compensation is provided in the United States with United States currency; and the foreign donors have no principal place of business abroad. *Id.* at 18. Based on all the available information, the agency's Guidance memorandum reasonably concludes that the sale of plasma is prohibited "labor" within the meaning of the B-1 visa provision.

The substantive arguments Defendants advanced in their prior briefs therefore continue to militate against the injunction Plaintiffs are seeking. That injunction should therefore be expeditiously denied.

                                        Respectfully Submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        BRIGHAM J. BOWEN
                                        Assistant Branch Director

                                        */s/ Alexander V. Sverdlov*
                                        ALEXANDER V. SVERDLOV
                                         (NY No. 4918793)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, DC 20005
                                        Tel: (202) 305-8550
                                        alexander.v.sverdlov@usdoj.gov

Dated: June 29, 2022                      *Attorneys for Defendants*